IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERBERT KRAMER and<br>VICKIE KRAMER,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ALLSTATE TEXAS LLOYD'S and<br>NICK SWING,<br><br>　　　　　Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-12-2583 |

**MEMORANDUM OPINION AND ORDER**

Defendant Allstate Texas Lloyd's ("Allstate") removed this action from the 434th Judicial District Court of Fort Bend County, Texas, where it was filed under Cause No. 12-DCV-198887. Pending before the court is Plaintiffs' Opposed Motion to Remand and Memorandum in Support of Motion to Remand ("Motion to Remand") (Docket Entry No. 7). At issue is whether Nick Swing, a non-diverse insurance adjuster, is improperly joined as a defendant. Because the court concludes that Swing is properly joined, subject matter jurisdiction does not exist, and the Motion to Remand will be granted.

I.  **Background**

A.  **Factual Background**

　　On January 9, 2012, a hailstorm struck Southeast Texas, allegedly damaging Herbert and Vickie Kramer's residence in

Houston.[1] At the time of the storm the Kramers' residence was insured under a policy issued by Allstate.[2] On January 11, 2012, the Kramers submitted a claim to Allstate for roof damage and other water and wind damage sustained in the storm.[3] Allstate assigned Swing to adjust the claim.[4] The Kramers allege that after Swing initially inspected the property the Kramers sought an appraisal.[5] The Kramers allege that the claim was never resolved and that Allstate has refused to comply with the policy and provide full payment.[6]

**B. Procedural Background**

The Kramers filed their Original Petition in state court on June 18, 2012. The Kramers assert causes of action (1) against Swing for violations of section 541 of the Texas Insurance Code and common law fraud,[7] and (2) against Allstate for breach of contract,

---

[1]Plaintiffs' Original Petition ("Original Petition"), Ex. B to Allstate's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-3, at p. 3, ¶ 12.

[2]Id. ¶ 9.

[3]Id. ¶ 12; Motion to Remand, Docket Entry No. 7, at p. 2, ¶ 3.

[4]Original Petition, Ex. B to Notice of Removal, Docket Entry No. 1-3, at p. 3, ¶ 13.

[5]Id. ¶ 14.

[6]Id.

[7]Id. ¶¶ 22-38.

breach of the duty of good faith and fair dealing, and violations of sections 541 and 542 of the Insurance Code.[8]

On August 28, 2012, Allstate removed this action to federal court under 28 U.S.C. § 1441, contending that the court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.[9] There is no dispute as to the satisfaction of the jurisdictional minimum or the citizenship of any party involved. Because Allstate is an unincorporated association of underwriters, none of which is a citizen of Texas,[10] Allstate is not a citizen of Texas. The Kramers and Swing are citizens of Texas.[11] Allstate argues that complete diversity exists, however, because Swing is improperly joined.[12]

The Kramers filed the pending Motion to Remand on September 27, 2012, asserting that Swing is properly joined and that, therefore, diversity jurisdiction does not exist.[13] The Kramers further contend that remand is required because Allstate's

---

[8]Id. ¶¶ 25-39. The paragraph numbering in the Original Petition is not always consecutive throughout the petition.

[9]Notice of Removal, Docket Entry No. 1, at p. 2, ¶ 2.1.

[10]Id. at 5, ¶ 2.9.

[11]Original Petition, Ex. B to Notice of Removal, Docket Entry No. 1-3, at p. 2, ¶¶ 2, 4.

[12]Notice of Removal, Docket Entry No. 1, at p. 6, ¶ 2.1.

[13]Motion to Remand, Docket Entry No. 7, at p. 7, ¶ 14.

removal contained procedural defects under 28 U.S.C. § 1446.[14] Allstate filed a response in opposition on October 18, 2012, maintaining its position that Swing is improperly joined and arguing that the removal procedures were properly followed.[15]

## II. Subject Matter Jurisdiction

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed to federal court. See Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have original jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, that is, "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Removal jurisdiction depends on the plaintiffs' state court pleadings at the time of removal. Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939); Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears

---

[14]Id. at 5, ¶ 7.

[15]Allstate's Response to Plaintiffs' Motion to Remand in Supplement to Its Notice of Removal ("Allstate's Response"), Docket Entry No. 8.

the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. See 28 U.S.C. § 1447(c). Ambiguities or doubts are to be construed against removal and in favor of remand. Id.

### B. Improper Joinder

The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. Borden v. Allstate, 589 F.3d 168, 171 (5th Cir. 2009). The court may ignore an improperly joined non-diverse defendant in determining subject matter jurisdiction. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005).

A removing party attempting to prove improper joinder carries a heavy burden. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. Gasch, 491 F.3d at 281

(citing Smallwood, 385 F.3d at 573). Because Allstate has not alleged actual fraud in the pleadings, only the second method is at issue in this case.

Under this second type of improper joinder the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." Smallwood, 385 F.3d at 573. Under this test a non-diverse defendant is improperly joined unless there is "arguably a reasonable basis for predicting that state law might impose liability on the facts involved." Great Plains Trust, 313 F.3d at 312 (internal quotation marks omitted). A reasonable basis requires more than merely a theoretical basis. Ross v. Citifinancial, Inc., 344 F.3d 458, 461-62 (5th Cir. 2003). The existence of a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court. Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004); see also Whalen, 954 F.2d at 1094.

The standard for evaluating whether a reasonable basis for a claim exists for purposes of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Campbell v. Stone, Inc., 509 F.3d 665, 669 (5th Cir. 2007). A court may also consider

summary judgment-type evidence to determine whether a plaintiff has a factual basis for the claim. Id. "[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). Thus, a defendant can avoid remand by showing that a state court petition fails to allege "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant. See Griggs, 181 F.3d at 699. Mere formulaic recitations of violations of statutes that are not accompanied by specific allegations concerning the actions of the individual defendant are not sufficient to create a reasonable basis to predict that the plaintiff will be able to recover against the individual. Moore v. State Farm Mut. Auto. Ins. Co., 2012 WL 3929930, at *4 (S.D. Tex. Sept. 6, 2012). In deciding whether a party was improperly joined all unchallenged factual allegations, including those alleged in the petition, are taken into account in the light most favorable to the plaintiff, Smallwood, 385 F.3d at 575, and all contested factual issues and ambiguities of state law are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281.

### III. Analysis

In their Motion to Remand the Kramers argue that subject matter jurisdiction does not exist because complete diversity is lacking. Allstate contends that Swing was improperly joined in

order to defeat diversity. Because the burden is on the removing party to establish that a state court suit is properly removable, see Gasch, 491 F.3d at 281, to avoid remand Allstate must show that there is no reasonable basis for the court to predict that the Kramers may recover on even a single claim against Swing. See Gray, 390 F.3d at 412.

### A. The Kramers' Allegations Against Swing

The Kramers' Original Petition alleges some claims only against Allstate and some claims only against Swing. The petition refers to Allstate and Swing collectively as "Defendants." The factual allegations in the Kramers' petition concerning Swing include:

> 13. Allstate assigned Defendant Swing to adjust the claim. Swing inspected the loss and under-scoped and under-estimated the costs of repairs. . . .
>
> 14. Based upon Allstate's and Swing's misrepresentation that appraisal was the only option to have a supplemental inspection, Plaintiffs did invoke the appraisal clause. . . .
>
> . . . .
>
> 16. Defendants wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.
>
> . . . .
>
> 14. Defendants failed to state the specific Policy exclusions or exceptions upon which they relied, if any, to deny Plaintiffs' claim, in whole or in part. Defendants further failed to state, in writing, the reasons for Defendants' failure to pay Plaintiffs' claim. . . .

> 15. Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance of rejection, regarding the full and entire claim, in writing from Defendants. Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. . . .[16]

On the basis of these allegations the Kramers assert claims against Swing in paragraphs 22 to 38 for violations of the Texas Insurance Code § 541.060 and common law fraud.

### B.   Sufficiency of the Allegations Against Swing

To avoid remand Allstate must prove that there is no reasonable possibility that the Kramers will be able to establish a cause of action against Swing in state court. Allstate does not dispute that the Kramers' causes of action against Swing for violations of the Texas Insurance Code and common law fraud are

---

[16]Original Petition, Ex. B to Notice of Removal, Docket Entry No. 1-3, at pp. 3-5, ¶¶ 13-14, 16, 14-15.

permitted under Texas law. See <u>Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.</u>, 966 S.W.2d 482, 484 (Tex. 1998); <u>Gasch</u>, 491 F.3d at 282. Allstate argues that Swing was improperly joined because the Kramers' petition merely recites statutory language from the Texas Insurance Code and fails to allege sufficient facts against Swing to support liability for violations of the Texas Insurance Code. The court does not agree.

The Kramers' petition alleges that the Kramers' property was damaged, that Swing was tasked with adjusting the claim, and that Swing failed to fulfill this task in the manner required by the Texas Insurance Code. The Kramers allege that Swing mishandled the claim in several specific ways: wrongfully denying the claim for repairs, failing to state the policy exclusions upon which the denial of the claim was based, misrepresenting the policy coverage, failing to explain the reasons for denying coverage, etc. The Kramers' allegations, if proven true, would create a reasonable possibility that the Kramers could prevail on their Insurance Code claims against Swing.[17]

The court thus concludes that there is a "factual fit" between the allegations and the pleaded causes of action under the Texas Insurance Code. In other words, the Kramers' petition contains more than mere formulaic recitations of violations of the Insurance

---

[17]Because the court finds that there is a reasonable possibility of recovery on the Insurance Code claims, the court does not address whether such a possibility exists to recover against Swing for common law fraud.

Code. The Original Petition contains factual support for the individual causes of action against Swing. This case is therefore distinguishable from those in which remand has been denied because the only allegations concerning the non-diverse defendant recited essentially verbatim statutory violations. See Moore, 2012 WL 3929930, at *4 (denying remand where petition did not include factual allegations against adjuster defendant other than those reciting violations of the statute); Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding that allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating that the plaintiff "alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned section [of the Insurance Code]").

Moreover, Allstate has not provided evidence that the Kramers have no reasonable possibility of recovery against Swing. Allstate did submit an affidavit from Swing stating that Swing did not even discuss an appraisal with the Kramers and that his involvement with the claim ended on January 19, 2012.[18] But the affidavit disproves only the allegation concerning the appraisal. Because the court must consider all allegations in the state court petition in the light most favorable to the plaintiff, see Smallwood, 385 F.3d at

---

[18]Affidavit of Nicholas Swing, Ex. G to Allstate's Response, Docket Entry No. 8, ¶ 3.

575, the court cannot conclude that there is no reasonable basis to predict that the Kramers might recover against Swing.

The court confronted similar facts in Harris v. Allstate Texas Lloyd's, 2010 WL 1790744 (S.D. Tex. Apr. 30, 2010). In Harris, a Hurricane Ike case, the plaintiff alleged that both the adjuster and insurer, collectively, engaged in conduct allegedly amounting to violations of the Texas Insurance Code. Id. at *3. The petition asserted claims against the adjuster specifically, separate from the insurer, that were based on those allegations. Id. at *4. The court remanded the case, finding that the defendant had failed to satisfy its burden of showing that the plaintiff had no reasonable possibility of recovery against the adjuster. Id. Other courts have reached the same conclusion when faced with similar facts and claims. See Davis v. Travelers Lloyds of Tex. Ins. Co., 2009 WL 3255093 (S.D. Tex. Sept. 29, 2009); Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London, 2009 WL 3834407 (S.D. Tex. Nov. 12, 2009). In light of the foregoing, the court concludes that the Kramers' petition contains actionable allegations specifically directed at the non-diverse adjuster Swing and have not planted those allegations within the petition merely to destroy federal jurisdiction.

## IV.  Costs, Expenses, and Attorneys' Fees

The Kramers also seek reimbursement of their costs, expenses, and attorneys' fees under 28 U.S.C. § 1447(c).[19]  "Absent unusual

---

[19]Motion to Remand, Docket Entry No. 7, at p. 15, ¶ 32.

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). Even though the court concludes that removal was improper, the grounds on which Allstate removed the action were not objectively unreasonable. The court will therefore deny the Kramers' request for costs, expenses, and attorneys' fees.

### V. Conclusion and Order of Remand

Allstate has not met its heavy burden to show that there is no reasonable basis to predict that the Kramers might be able to recover against Swing in state court. The court therefore concludes that Swing is properly joined as a defendant in this action. Because complete diversity is lacking, this case must be remanded for lack of subject matter jurisdiction. The court expressly declines to address whether remand is appropriate on any other ground under 28 U.S.C. § 1446.

Accordingly, the Kramers' Motion to Remand (Docket Entry No. 7) is **GRANTED**. The action is **REMANDED** to the 434th Judicial District Court of Fort Bend County, Texas. The Clerk of Court is directed to promptly send a copy of this Memorandum Opinion and Order of remand to the District Clerk of Fort Bend County, Texas.

**SIGNED** at Houston, Texas, on this 20th day of November, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE